# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EUGENE LAWSON, <br> as next friend of H.N.G., <br> Minor Child of Kelli D. Howell <br><br> V. <br><br> MICHAEL ASTRUE <br> COMMISSIONER OF SOCIAL <br> SECURITY ADMINISTRATION | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 4:11-cv-00426 <br> (Judge Mazzant) |

## MEMORADUM OPINION

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff filed an application for disability benefits on October 21, 2008, alleging disability beginning on November 23, 2007 (TR 175-177). The claim was initially denied on January 2, 2009 (TR 66-69), and denied upon reconsideration on February 26, 2009 (TR 72-74). Plaintiff filed a timely written request for hearing on March 12, 2009 (TR 84), and appeared at a hearing before the Administrative Law Judge ("ALJ") on November 20, 2009 (TR 34-57).

On June 25, 2010, the ALJ denied Plaintiff's request for disability benefits when he concluded that Plaintiff was not under a disability as defined by Section 216(i) and 223(d) of the Social Security Act (TR 7-25). On June 25, 2010, Plaintiff timely requested review from the Appeals Council, and on May 16, 2011, the Appeals Council denied her request for review,

thereby making the ALJ's decision the final decision of the Commissioner (TR 1-3). On November 30, 2012, the parties consented to the undersigned (Dkt. #26, #27, #28).

## STATEMENT OF THE FACTS

Plaintiff was born on October 25, 1972, and was thirty-five years of age on the alleged disability onset date (TR 175). Plaintiff completed high school and one year of college, and is able to communicate in English (TR 201, 192). Plaintiff has previous work experience as a waitress, indigent care representative, cashier, driver, medical voucher clerk, and medical clerk (TR 24, 194). Plaintiff alleged disability due to pseudotumor cerebri, depression, anxiety, right atrial lipoma, and asthma; however, Plaintiff limited the reasons for stopping work on November 23, 2007, to only depression and anxiety (TR 193). Plaintiff has not engaged in substantial gainful activity since November 23, 2007 (TR 9-10). Plaintiff added a new claim for sleep apnea in her appeal (TR 253).

## AMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ found that Plaintiff had the following severe impairments: asthma, obesity, headaches, history of pseudotumor cerebri and depression (TR 10). The ALJ found that Plaintiff maintained the residual functional capacity to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, as well as sit, stand, and/or walk 6 hours each out of an 8-hour workday (TR 21). The ALJ also found that Plaintiff has the ability to perform the full range of light work as defined in 20 CFR 404.1567(b) reduced by the inability to ever climb ropes, ladders, or scaffolds (TR 21). The ALJ further found the Plaintiff is limited to understanding, remembering, and carrying out detailed and simple instruction; and is precluded from understanding, remembering and carrying out complex instructions; but may perform semi-skilled and unskilled light and sedentary work activity (TR 21, 24). Based on the testimony of the vocational expert, the ALJ

2

found the Plaintiff's past relevant work as a medical voucher clerk was sedentary, semi-skilled work, and as customarily performed in the national economy, does not involve work-related functions precluded by the claimant's functional limitations. In making this determination, the ALJ considered the medical opinions of the various treating physicians; however, he determined that the Physical Capacities Evaluation completed by Dr. McHenry was contradicted by the progress notes in Dr. McHenry's patient file regarding Plaintiff and was not entitled to controlling weight (TR 23-24).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity" a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2012). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following two issues on appeal: (1) did the ALJ apply the proper legal standard for severity when evaluating Plaintiff's impairments at step two; and (2) was the Physical Capacities Evaluation form completed by Dr. McHenry afforded the proper weight. The relevant period of time under review is November 23, 2007, to May 16, 2011.

In her first issue, Plaintiff asserts that the ALJ failed to follow *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), or the slight abnormality standard, in evaluating Plaintiff's psuedotumor, depression, anxiety, lipoma, and asthma. Step two of the sequential evaluation process requires

4

that the ALJ determine whether Plaintiff's impairments or combination of impairments are severe. If the ALJ finds that the impairments are not severe, the process ends. 20 C.F.R. § 404.1521(a) provides that "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." *See also* 20 C.F.R. § 404.1520(c). The Fifth Circuit interpreted the regulations regarding severity and found as follows:

> An impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Stone*, 752 F.2d at 1101. The Fifth Circuit further found that the Court would assume that the ALJ and Appeals Council had applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to the *Stone* opinion, or another case of the same effect, or by an express statement of the construction used in the case. *Id.* at 1106. The Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). "Unless the correct standard of severity is used, the claim must be remanded to the [Commissioner] for reconsideration." *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) (citing *Stone*, 752 F.2d at 1106).

The Commissioner argues that because the case proceeded beyond step two of the sequential evaluation, the *Stone* standard does not apply. In *Loza v. Apfel*, the Fifth Circuit found that the ALJ used the wrong definition of severe impairment at step two of the analysis, and then proceeded to step five. *Loza v. Apfel*, 219 F.3d 378, 398 (5th Cir. 2000). Despite the fact that the case proceeded past step two, the Fifth Circuit reversed the case because the ALJ did not use the *Stone* standard of severe. *Id.* at 393. The Fifth Circuit has never held that *Stone* only applies to

5

cases where a plaintiff is found not disabled at step two. *See Bragg v. Commissioner of Social Security*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008); *Key v. Astrue*, No. 3-06-CV-1087-N, 2007 WL 2781930 at * 4 (N.D. Tex. Sept. 4, 2007).

In this case the ALJ made the following findings with regard to severe impairments:

At step two, I must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c)). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work (20 CFR 404.1521: Social Security Rulings (SSRs) 85-28, 96-3p, and 96-4p). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step (TR 8).
. . . . .

I find the claimant's medically determinable asthma, obesity, headaches, history of psuedotumor cerebri and depression are more than slight abnormalities and cause more than minimal functional limitations. She, therefore, has a severe impairment by regulatory definition. (20 CFR 404.1524(c) (January 2, 2001)) and Social Security Ruling 96-3p. (TR 18).
. . . . .

In determining whether the impairment is "severe", I must consider the claimant's pain and symptoms (TR 18).

Plaintiff asserts that the ALJ failed to follow the *Stone* standard in analyzing whether her psuedotumor, depression, anxiety, lipoma, asthma, tachycardia, and lumbar pain were severe impairments. However, because the ALJ found Plaintiff's asthma, headaches, history of psuedotumor cerebri, and depression to be severe, the only necessary analysis involves Plaintiff's anxiety, tachycardia, and lumbar pain. The Commissioner asserts that the ALJ used the proper standard in determining whether Plaintiff had a severe impairment, citing to the ALJ's multiple references to the SSA regulations which provide the root definition of a severe impairment. The

6

Commissioner asserts that there is no basis for finding a conflict between the *Stone* standard and the ALJ decision because he found the claimant's asthma, headaches, history of pseudotumor cerebri, and depression to be severe; and he addressed Plaintiff's tachycardia, lumbar pain, and anxiety as being resolved or controlled (TR 10-17).

In *Scroggins*, this situation was addressed and the Court found as follows:

> Thus, according to the standard applied by the ALJ, a severe impairment could have, at most, a minimal effect on a claimant's ability to work. This is not the standard set forth in *Stone*, which holds that a severe impairment "would not be expected to interfere with the individual's ability to work." 752 F.2d at 1101 (emphasis added). Unlike the standard applied by the ALJ, *Stone* provides no allowance for a minimal interference on a claimant's ability to work. While the difference between the two statements appears slight, it is clear that the ALJ's construction is not an express statement of the *Stone* standard. This difference, coupled with the ALJ's failure to cite *Stone* or a similar opinion, leads the Court to conclude that the ALJ applied an incorrect standard of severity at step 2.

*Scroggins*, 598 F. Supp.2d at 805-06.

In *Scroggins*, the court determined that because there was a variance in the standard applied by the ALJ, and in the absence of *Stone* being cited, the Court concluded that the ALJ applied the incorrect standard. This Court has consistently remanded disability cases when it is apparent that the ALJ failed to apply the *Stone* standard. This approach also requires further analysis to determine if there was substantial evidence to support the ALJ's decision that Plaintiff's anxiety, tachycardia, and lumbar pain were not severe impairments; and this Court will not remand just because the proper standard is not cited when the result is the same.

The Commissioner asserts that Plaintiff's anxiety, tachycardia, and lumbar pain were not severe impairments that resulted in functional limitations, because they were resolved or controlled with treatment or medication. Dr. Huddleston's medical records indicate that Plaintiff had "some increased anxiety while on steroids" (TR 1961). Plaintiff testified that she no longer

7

took steroids, no longer took medication for depression, and felt okay (TR 51-52). The Commissioner argues that the evidence of record established that Plaintiff's anxiety resolved after discontinuing steroid use and Plaintiff no longer experienced limitations. The Court agrees that substantial evidence supports the ALJ's conclusion that Plaintiff's anxiety was not a severe impairment.

The Commissioner also asserts that Plaintiff's tachycardia was not a severe impairment and the ALJ's decision is supported by substantial evidence. The Commissioner points out that although Plaintiff was diagnosed with tachycardia, the diagnostic tests by two treating physicians showed normal (TR 11). Dr. John Cox on July 27, 2008, and Dr. Holland Robert on September 30, 2008, reported Plaintiff's heart sounds, pulses, and rhythm were normal (TR 816, 831, 1274, 1292). Further, a medical record from Dr. Marcus McKinzie on December 24, 2008, states that Plaintiff denied chest pains, shortness of breath, palpitations, or syncope; and that the electrocardiogram was normal (TR 1310, 1319, 1322, 1524). Substantial evidence supports the ALJ's conclusion that Plaintiff's symptoms resolved and there was no resulting limitation from tachycardia.

Finally, the Commissioner asserts that the record does not support a finding that Plaintiff's lumbar pain is "severe" and continues to result in functional limitations in accordance with the ALJ's finding. The Court agrees. Although Plaintiff complained of lumbar pain and the ALJ considered the impairment, there were medical tests and records that documented a minor problem that had been stabilized (TR 11, 349-352, 455, 484-485, 501, 510, 1220, 1962). Plaintiff testified that physical therapy and injections had helped, her back was a lot better, and her back did not prevent her from working (TR 48). Substantial evidence supports the ALJ's finding.

Even if the ALJ actually applied the incorrect severity standard, remand is not required

when there is no evidence to support a finding that Plaintiff's anxiety, tachycardia, or lumbar pain were severe impairments under the correct standard. Substantial evidence in the record supports the ALJ's conclusions that Plaintiff's anxiety, tachycardia, and lumbar pain were not severe impairments.

In Plaintiff's second issue, she asserts that the ALJ did not give proper weight to the opinion of Dr. McHenry, one of the treating physicians. The ALJ weighs the credibility of all evidence against the totality of the evidence provided, and bears the sole responsibility for determining disability status. *Moore v. Sullivan*, 919 F.2d. 901, 905 (5th Cir. 1990). "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). With good cause, the ALJ may give the opinion of a treating physician less weight, little weight, or no weight. *Greenspan v. Shalala*, 38 F.3d. at 237. Good cause exceptions include statements that are brief and conclusory, unsupported by medical acceptable clinical laboratory diagnostic techniques, or are otherwise unsupported by the evidence presented. *Scott v. Heckler*, 770 F.2d. 482, 485 (5th Cir. 1985).

The Commissioner argues that Dr. McHenry's treatment of Plaintiff was limited to eye problems stemming from pseudotumor cerebri, and his case notes did not discuss evaluation of Plaintiff's physical abilities or Plaintiff's other medical problems. Further, the Commissioner notes the ALJ's finding that the doctor's opinions as stated on the Physical Capacities Evaluation questionnaire were in conflict with the notes in his medical records stating Plaintiff could return to work and her visual acuity was normal (TR 24). The form in question was a fill-in-the-blank form offering very limited explanation, which could have been considered brief and conclusory statements by the ALJ (TR 1969-1973), and was found contradictory to the clinical notes and records of Dr. McHenry (TR 23-24). The ALJ's opinion shows that he considered Dr.

9

McHenry's opinion, but rejected the doctor's determination of disability. There is substantial evidence in the record to support the ALJ's decision.

## **CONCLUSION**

Pursuant to the foregoing, it is ORDERED that the decision of the Administrative Law Judge is **AFFIRMED**.

**SIGNED this 4th day of February, 2013.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE